UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| ANNETTE SHARLENE ELDER-EVINS, TR., | Case No: C 09-05775 SBA |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| MICHAEL J. CASEY, et al., | [Docket Nos. 9, 12, 15, 59] |
| Defendants. | |

The parties are presently before the Court on Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Nos. 9, 12, 15, 59.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motions, with leave to amend, for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.    BACKGROUND**

Plaintiff filed this pro se action on December 9, 2009. In liberally construing her Complaint, Plaintiff appears to bring this action in her capacity as trustee of the "Guenocamata Sovereign Trust" for "restitution of disgorged money arising from a property tax bill." (Compl., ¶ 35.) Plaintiff is suing numerous employees and officials of the City of Santa Rosa, the County of Sonoma, and the State of California. Plaintiff has not labeled any of the allegations in her Complaint as specific claims or causes of action. Nor does she indicate against which Defendants she is bringing her allegations.

Plaintiff appears to be asserting numerous claims based on various Constitutional and statutory provisions, and on common law tort theories. While not alleging specific conduct or

actions by any Defendant, she references the following: a Fifth Amendment right to just compensation (Id., ¶ 1(c)); a First Amendment right to petition the government (Id., ¶ 1(d)); a Fourth Amendment right to a reasonable expectation of privacy (Id., ¶ 1(e)); a Fourteenth Amendment right to due process and equal protection (Id., ¶ 1(f)); the Bill of Attainder and Ex Post Facto clause in the U.S. Constitution (Id., ¶ 1(h)); the Supremacy Clause (Id., ¶ 1(j)); the Americans with Disabilities Act (Id., ¶ 6); the Eight Amendment's excessive fine prohibition (Id., ¶ 1(l)); the Uniform Commercial Code (Id., ¶ 7); unlawful imposition of taxes (Id., ¶ 11); 18 U.S.C. § 513 ("Securities of the States and Private Persons") and § 514 ("Fictitious Obligations") (Id., ¶ 15); the California Constitution Article XX, § 3 ("Oath of Office") (Id., ¶¶ 20-21); and tortious interference with private property (Id., ¶¶ 16, 18).

Presently before the Court are four separate motions to dismiss filed by Defendants. Specifically, on December 30, 2009, Defendants Michael Casey, Caroline Fowler, Michael Whitaker, Sam Lynch, Michael Reynolds, Eric Major, Thomas Schwedhelm, and Daniel Shacklett (the "City Defendants") filed a Rule 12(b)(6) motion to dismiss. (Docket No. 9.) On January 15, 2010, Defendants Judge Kenneth Gnoss and Judge Virginia Marcoida (the "Judge Defendants") each separately filed a motion to dismiss under Rule 12(b)(6) or for a more definite statement under Rule 12(e). (Docket Nos. 12, 15.) On March 23, 2010, Defendants Rodney A. Dole, Chris Thomas, Stephan Passalacqua, and Lezlie Kagel (the "County Defendants") filed an amended motion to dismiss under Rule 12(b)(6) or for a more definite statement under Rule 12(e) (amending their prior motion filed on December 23, 2009). (Docket No. 59.) Each of the motions is addressed below.[1]

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A complaint must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) and "give the defendant fair

---

[1] The remaining Defendants -- Richard Chivaro, Edmund G. Brown, Jr., and Arnold Schwarzenegger -- have not yet filed an answer or responsive pleading in this matter.

- 2 -

notice of what … the claim is and the grounds upon which it rests," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).  If a complaint fails to satisfy Rule 8, it "must be dismissed" for failure to state a claim upon which relief can be granted.  Twombly, 550 U.S. at 570.  Pro se pleadings must be liberally construed.  Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests."  Erickson, 551 U.S. at 93 (internal quotation marks omitted). A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if the plaintiff fails to alleged sufficient facts to support a cognizable legal theory.  Balistreri, 901 F.2d at 699.

When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).  If the complaint is dismissed, a pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

**III.   DISCUSSION**

    **A.   As to All Moving Defendants, Plaintiff Has Failed to Allege Sufficient Facts to State a Claim for Relief**

All Defendants have moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) on the

ground that Plaintiff has failed to meet the pleading standards of Rule 8(a)(2).

Here, Plaintiff's Complaint contains only conclusory statements, and does not allege any facts relating to any specific Defendant that support a plausible claim for relief. As indicated above, the Complaint recites numerous Constitutional provisions granting the right to just compensation for the taking of private property (Fifth Amendment); freedom to petition and protest government actions (First Amendment); reasonable expectation of privacy (Fourth Amendment); due process and equal protection (Fourteenth Amendment); ex post facto bill of attainder prohibitions (Article I, Sec. 9, Cl. 3 and Sec. 10, Cl. 1); and excessive fine prohibitions (Eighth Amendment). (See Compl. at pp. 2-4.) The Complaint also refers to violations of the Americans with Disabilities Act ("ADA") and Uniform Commercial Code (Id. at p. 7), unlawful imposition of taxes (Id. at p. 9); securities of the states and private persons (Id. at p. 11); and tortious interference with property rights (Id. at pp. 12-13). The Complaint, however, does not provide any, let alone sufficient, facts to demonstrate that any of the Defendants violated any of these asserted rights. Plaintiff's Complaint, therefore, fails to meet the pleading standards of Rule 8, and on that basis is dismissed.

**B.     Additional Grounds for Dismissal Raised by the County Defendants**

The County Defendants offer three additional arguments as to why Plaintiff's claims against them should be dismissed: (1) Plaintiff sued the County Defendants in their official capacity, which means the real party in interest is the entity for which they work (the County of Sonoma); (2) Plaintiff failed to comply with the presentation requirement of the California Tort Claims Act (CTCA); and (3) the County Defendants are entitled to qualified immunity. Each of those arguments is addressed below.

**1.     The County Defendants Are Not the Real Party in Interest**

In her Complaint, Plaintiff asserts that the County Defendants are "Agents of the County of Sonoma" and are "government agents and officers employed by public funds of … County of Sonoma." (Compl. at pp. 1, 5.) Plaintiff does not state that she is suing County Defendants in their individual capacities or, in the alternative, in their official capacities. Therefore, the County Agents argue that since they are being sued in their official capacity, the

1 real party in interest is their employer, the County of Sonoma.

2 The law distinguishes between personal and official capacity suits. Hafer v. Melo, 502 U.S. 21, 25 (1991). An official capacity suit "is not a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). "[T]he phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Hafer, 502 U.S. at 25.

Even construing the Complaint liberally, as required for pro se complaints, Plaintiff only discusses the County Defendants in their official capacities. In Ashker v. California Dept. of Corrections, the Ninth Circuit liberally construed a pro se amended complaint to conclude that the statement "[e]ach defendant and all of them are being sued individually and in his/her official capacity," meant that Plaintiff was suing Defendants in their personal capacities, and in the alternative, in their official capacities. Ashker v. California Dept. of Corrections, 112 F.3d 392, 395 (9th Cir. 1997). That is not the case here. There is no mention that County Defendants are being sued individually.

Moreover, while it is presumed that state officials are being sued in their individual capacities where officials are named in a complaint seeking damages under 42 U.S.C. § 1983, Plaintiff has provided no indication in her Complaint that she is proceeding under Section 1983. See Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994) ("[w]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities."). Nor has Plaintiff provided any arguments in opposition to the County Defendants' arguments on this issue. Accordingly, this provides additional grounds for dismissing Plaintiff's claims with respect to the County Defendants.

    **2.**    **Plaintiff Has Not Pled Compliance with the Presentation Requirement under the CTCA**

The County Defendants argue that, to the extent Plaintiff seeks damages against a public entity by suing the County Defendants in their official capacities, those claims must be

dismissed because Plaintiff has not alleged in her Complaint that she complied with the CTCA presentation requirement.

Under the CTCA, a plaintiff may not maintain an action for damages against a public entity unless a written claim has first been presented to the appropriate entity and has been acted upon by that entity before filing suit in court. Cal. Gov. Code § 945.4. A plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243 (2004) ("[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action."). Plaintiff has not alleged in her Complaint or opposition papers that she complied with the CTCA. As such, to the extent her claims seek damages against the County Defendants in their official capacities, those claims fail.

### 3. County Defendants Are Entitled to Qualified Immunity

To the extent that the Complaint can be construed as suing the County Defendants in their individual capacities, the County Defendants contend that Plaintiff's claims against them for damages are subject to dismissal because they possess qualified immunity. Plaintiff has not responded to County Defendants' defense of qualified immunity.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).[2] The rule of qualified immunity "'provides ample support to all but the plainly incompetent or those who knowingly violate the law.'" Burns v. Reed, 500 U.S. 478, 494-95 (1991) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). "Therefore,

---

[2]Qualified immunity is therefore limited to actions for damages against a government official in her/his individual capacity; it is not available to a government entity when an official is sued in her/his official capacity, Brandon v. Holt, 469 U.S. 464, 472-73 (1985); Owen v. City of Independence, 445 U.S. 622, 651 (1980), nor is it available when the only relief sought is injunctive, American Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991).

regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991). Furthermore, "[t]he entitlement is an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

A defendant must allege qualified immunity as an affirmative defense. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The qualified immunity test then becomes a two-part inquiry: (1) Was the law governing the official's conduct clearly established? (2) Under that law, could a reasonable official have believed his conduct was lawful? Act Up!/Portland v. Bagley, 988 F.2d 868, 871-72 (9th Cir. 1993). The plaintiff bears the burden of proving the existence of a "clearly established" law at the time of the allegedly impermissible conduct. Maraziti v. First Interstate Bank, 953 F.2d 520, 523 (9th Cir. 1992). If the plaintiff meets this burden, then the defendant bears the burden of establishing that his actions were reasonable, even if they violated the plaintiff's constitutional rights. Doe v. Petaluma City School Dist., 54 F.3d 1447, 1450 (9th Cir. 1995); Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995); Maraziti, 953 F.2d at 523.

As indicated, in this case, Plaintiff does not tie any of her factual allegations to any specific Defendant. Therefore, she has also not indicated that the County Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Accordingly, her claims against the County Defendants also fail on qualified immunity grounds.

**C.    Additional Grounds for Dismissal Raised by the City Defendants**

The City Defendants offer two additional argument as to why Plaintiff's claims against them should be dismissed: (1) Plaintiff failed to comply with the presentation requirement of the CTCA; and (2) Plaintiff cannot represent a trust pro se unless she has alleged that she is the beneficial owner of the claims. The CTCA argument has been analyzed above, and that analysis applies with equal force to claims against City Defendants. The Court next considers

the City Defendants' argument regarding pro se representation of a trust.

### 1. Plaintiff Cannot Sue on Behalf of a Trust Because She Has Failed to Allege that She is the Beneficial Owner of the Claims

The City Defendants argue that since the Complaint is signed by "Annette S. Elder-Evins, ©® TR," she cannot represent this case pro se because she brings her claims on behalf of a trust.  (Compl., ¶ 4) ("Plaintiff Annette Sharlene Elder-Evins ©® is the Chief Executive Administrator of Guenocamata Sovereign Trust, Guenocamata Sovereign Living Trust, [and] Alex Evins Living Trust.").  In her opposition, Plaintiff argues that she is a Trustee and "stands in the fiduciary position of [her] own assets, and [has] a duty to [herself] as the beneficiary of [her] trust instrument."  (Pltf.'s Opp. at 30.)  She further argues that as the "attorney in facts as a pro se individual, [she] is the only one that is entitled to represent [her] assets."  (Id.)

"It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  "Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who by substantive law has the right to be enforced."  Id. (internal quotation marks omitted).  In Simon, the Ninth Circuit held that "[b]ecause Simon is not the actual beneficial owner of the claims being asserted, he cannot be viewed as a 'party' conducting his 'own case personally' within the meaning of Section 1654."  Simon, 546 F.3d at 664.  See also C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697-98 (9th Cir. 1987) (trustee attempting to represent a trust *pro se* was not, pursuant to 28 U.S.C. § 1654, a "party" conducting his "own case personally" as he was not the beneficial owner of the claims being asserted); York v. U.S., No. 98-1235, 1998 WL 919875, at 1 (S.D. Cal. 1998) ("In C.E. Pope, the Ninth Circuit held that a party could not appear in pro per on behalf of a trust when the record does not indicate that the party is the actual beneficial owner of the claims.").

In her Complaint, Plaintiff mentions several Trusts.  She signs the Complaint "Annette S. Elder Evins ©®$^{TR}$."  (Compl. at p. 18.)  She also alleges that she is the "Chief Executive

Administrator" of several trusts including Guenocamata Sovereign Trust, Guenocamata Sovereign Living Trust, and the Alex Evins Living Trust. (Id., ¶ 4.) Plaintiff argues in her opposition memorandum that she is the beneficiary of the trust. However, the Complaint is bare as to such an allegation. To the extent that Plaintiff brings this suit pro se on behalf of a trust, her failure to allege in her Complaint that she is the beneficial owner of the claims necessitates dismissal of her claims.

### D. Additional Grounds for Dismissal Raised by the Judge Defendants

Defendants Judge Gnoss and Judge Marcoida both filed motions to dismiss Plaintiff's Complaint on the same grounds. The Judge Defendants offer two additional arguments as to why Plaintiff's claims against them should be dismissed: (1) the Judge Defendants are entitled to judicial immunity; and (2) the Eleventh Amendment bars Plaintiff's claims against the Judge Defendants.

#### 1. The Judge Defendants Are Entitled to Judicial Immunity

The Judge Defendants argue that they are entitled to judicial immunity from suit, and therefore Plaintiff's claims against them should be dismissed.

Plaintiff has not alleged facts directed to the the issue of judicial immunity in her Complaint. Rather, in her opposition, Plaintiff argues that Judge Marcoida "did not give a fair hearing, and abused her occupancy of office of judge of the Superior Court … and is not entitled to hide behind sovereign immunity." (Pltf.'s Opp. at 6.) Furthermore, Plaintiff states that Judge Marcoida "violated the Constitutional Citation of Authority to serve as [her] judge, and she was not acting on behalf of [the S]tate when she knowingly and willingly broke the state constitution, and abused discretion." (Id.) Finally, Plaintiff argues that Judge Marcoida did "not enter an agreement or stipulated contract to be [her] judge, and enjoys no absolute immunity from suit." (Id.) Essentially, Plaintiff maintains that absolute immunity is inappropriate here because Judge Marcoida "did not conduct a full hearing on MARSDEN or acknowledge [her] affirmative defenses." (Id.) As to Judge Gnoss, Plaintiff argues that he "co-joined the municipal employees and became" an accuser. (Id. at 15.) Plaintiff appears to be referring to the second of two court prosecutions brought by the City Defendants Lynch,

Reynolds and Casey. She argues that Judge Gnoss is "responsible for going along with [Lynch, Reynolds and Casey's] constructive fraud." Id. Plaintiff maintains that Judge Gnoss failed to call her in for a meet and confer appointment "according to the posted sign." Id.

Judicial immunity is immunity from suit, not just from the assessment of damages. Mireless v. Waco, 502 U.S. 9, 11 (1991). "[J]udicial immunity is not overcome by allegations of bad faith or malice." Id. It is only overcome in two sets of cases: (1) a judge is not immune from nonjudicial acts – actions not taken in the judge's judicial capacity; and (2) a judge is not immune from actions, though judicial in nature, taken without any jurisdiction. Id.

Plaintiff has not alleged in her Complaint, or even argued in her opposition, that the alleged wrongful conduct of the Judge Defendants comprised nonjudicial acts. Additionally, Plaintiff has also not alleged in her Complaint or argued in her opposition that the Judge Defendants acted without jurisdiction. Rather, Plaintiff simply complains in her opposition of judicial acts, such as not acknowledging her affirmative defenses or scheduling a meet and confer appointment. This is not conduct that pierces a judge's immunity. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").

Accordingly, Plaintiff's claims against the Judge Defendants are also dismissed because Plaintiff has not alleged facts overcoming judicial immunity.

### 2. The Judge Defendants Are Protected by Eleventh Amendment Immunity

The Judge Defendants maintain there has been no waiver of Eleventh Amendment immunity, and therefore they are immune from Plaintiff's claims. In response, Plaintiff argues that immunity under the Eleventh Amendment does not apply if Plaintiff can demonstrate that the state acted unconstitutionally. Plaintiff maintains that her causes of action involve alleged Fourteenth Amendment violations committed by state officials carrying out allegedly unconstitutional state laws. That argument fails.

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." Franceschi v.

Schwartz, 57 F.3d 828, 831 (9th Cir. 1995). The Eleventh Amendment immunity extends to state officials acting in their official capacity. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citations omitted). Insofar as Plaintiff brings a claim for violation of her constitutional rights under 42 U.S.C. § 1983, the claim is limited by the Eleventh Amendment. Doe v. Lawrence Livermore Nat. Laboratory, 131 F.3d 836, 839 (9th Cir. 1997). A state official acting in his or her official capacity is not "person" under Section 1983. Id. "However, there is one exception to this general rule: When sued for *prospective injunctive relief,* a state official in his official capacity is considered a 'person' for § 1983 purposes." Id. (citing Ex parte Young, 209 U.S. 123 (1908)) (emphasis added).

As discussed above, Plaintiff has failed to state any claim upon which relief can be granted. This includes any claim for violations of Plaintiff's constitutional rights. Plaintiff states in her Complaint that this Court has subject matter jurisdiction over this case based on "the Fourteenth Amendment Rights of Due Process and Equal Protection," but does not state a valid claim that Defendants violated any rights. (Compl., ¶ 1(f).) Thus, Plaintiff has not stated a Section 1983 claim in the first instance.

Even if Plaintiff has stated a valid Section 1983 claim, it is not clear from Plaintiff's Complaint what relief she seeks. Insofar as Plaintiff seeks monetary relief from state actors, the claims are barred by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21, 30 (1991) ("[T]he doctrine of Ex parte Young does not apply where a plaintiff seeks damages from the public treasury.") (internal quotation marks omitted). With respect to injunctive relief, Plaintiff alleges in her Complaint that she "seeks performance, injunction ordering state, county, city officers and Agents to enforce the Equalization of the U.C.C. 1 Exemption from Levy." (Compl. ¶ 8 (internal quotation marks omitted)). However, that allegation is not tied to any specific Defendant; nor does Plaintiff identify any conduct of the Judge Defendants that she

seeks to have enjoined.[3]

Therefore, the claims against the Judge Defendants also fail under Eleventh Amendment Immunity.

### E. Plaintiff's Claims Are Also Dismissed as to Non-Moving Defendants

As to the non-moving defendants (Chivaro, Brown, and Schwarzenegger), a "District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981), cited with approval by Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.").

Here, all Defendants are similarly situated and integrally related. First, the arguments raised by the moving Defendants are the same that the non-moving Defendants would raise: failure to state a claim, real party in interest issues, qualified immunity, and Eleventh Amendment immunity. See Real v. Bank of America, No. 08-5279, 2009 WL 733898, at 1 n.2 (N.D. Cal. 2009) (though defendant Bank of America did not move to dismiss, the Court held "[b]ecause the arguments raised by [the moving party] apply to Plaintiff's claims against Bank of America, the Court dismisses those claims."). Second, the non-moving Defendants are in an identical position to all the moving Defendants who contend that Plaintiff has failed to allege facts to support her causes of action as she does not identify the wrongful conduct of any specific Defendant. See Ricotta v. State of Cal., 4 F.Supp.2d 961, 978-79 (S.D. Cal. 1998) ("In

---

[3] Here, Plaintiff has brought claims against the Judge Defendants only in their official capacity. There are no allegations indicating that Plaintiff is suing them in their individual capacity. As indicated, the Eleventh Amendment bars suits against state actors sued in their official capacity unless the remedy sought is prospective injunctive relief. If Plaintiff had sued the Judge Defendants in their individual capacity, the Eleventh Amendment would not necessarily bar the suit if it were properly brought under Section 1983. See Hafer, 502 U.S. at 30 ("[T]he Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983."). However, that is not an issue here because there is no Section 1983 claim and no allegations against the Judge Defendants as individuals.

1  the instant case [the non-moving Defendant] is in an identical position to all other moving
2  defendants who claimed that Plaintiff cannot establish a pattern of racketeering activity."").
3  Finally, the non-moving Defendants are integrally related to the moving Defendants because
4  Plaintiff alleges that Defendants "are involved in a co-joint and subdivisional capacity as
5  mutually exclusive and several defendants, actors, actions and liabilities." (Compl., ¶ 1(b).) In
6  essence, Plaintiff alleges that Defendants are part of a greater scheme to deprive her of certain
7  rights.  See Ricotta, 4 F.Supp.2d at 979 ("The claims against [the non-moving Defendant] are
8  also integrally related because Plaintiff alleges that he and the other Defendants were involved
9  in a conspiracy.").
10    For these reasons, the Court finds that dismissal of Plaintiff's claims against Chivaro,
11 Brown, and Schwarzenegger is appropriate.

## IV.   CONCLUSION

13   While this Court has determined that dismissal of all claims against all Defendants is
14 appropriate, Plaintiff is granted leave to amend her Complaint. Should Plaintiff choose to
15 amend her Complaint, Plaintiff is advised that she must meet the pleading requirements of
16 Federal Rule of Civil Procedure 8(a)(2). In addition, Plaintiff is advised to include factual
17 allegations addressing Defendants' specific challenges to her claims, as discussed above.
18 Plaintiff is further advised that a continued failure to comply with the requirements of Rule
19 8(a)(2) is grounds for dismissal of the action without further leave to amend.
20    For the reasons stated above,
21    IT IS HEREBY ORDERED THAT:
22    A.    Defendants' motions to dismiss are GRANTED.
23    B.    The instant action is dismissed as to ALL Defendants, with leave to amend.
24    C.    The amended complaint must be submitted in accordance with the pleading
25          requirements of Federal Rule of Civil Procedure 8(a)(2). Failure to file a proper
26          amended complaint within twenty-one (21) days of this Order will result in the
27          dismissal of this action, without further notice.
28    D.    This Order terminates Docket Nos. 9, 12, 15 and 59.

1 | IT IS SO ORDERED.
2 | Dated: 9/3/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANNETTE SHARLENE ELDER-EVINS,

    Plaintiff,

v.

MICHAEL J. CASEY et al,

    Defendant.
_____/

Case Number: CV09-05775 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Annette Sharlene Elder-Evins
Guenocamata Sovereign Trust
Guenocamata Rancheria
948 Leddy Avenue
Santa Rosa, CA 95407-6601

Dated: September 9, 2010

    Richard W. Wieking, Clerk

    By: LISA R CLARK, Deputy Clerk