UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANNETTE SHARLENE ELDER-EVINS, TR., <br><br>Plaintiff, <br><br>vs. <br><br>MICHAEL J. CASEY, et al., <br><br>Defendants. | Case No:  C 09-05775 SBA <br><br>**ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS** <br><br>Dkts. 84, 90, 94 |

The parties are presently before the Court on three separate motions to dismiss filed by various Defendants under Federal Rule of Civil Procedure 12(b)(6).  Specifically, on November 8, 2010, Defendants the City of Santa Rosa, the Santa Rosa City Council, Michael Casey, Caroline Fowler, Michael Whitaker, Sam Lynch, Michael Reynolds, Eric Major, Thomas Schwedhelm, and Daniel Shacklett (the "City Defendants") filed a Rule 12(b)(6) motion to dismiss.  Dkt. 84.  On November 9, 2010, Defendants Judge Kenneth Gnoss and Judge Virginia Marcoida (the "Judge Defendants") filed a motion to dismiss under Rule 12(b)(6).  Dkt. 90.  On November 19, 2010, Defendants Rodney Dole, Chris Thomas, Stephan Passalacqua, and Lezlie Kagel (the "County Defendants") filed a motion to dismiss under Rule 12(b)(6).  Dkt. 94.  The City Defendants subsequently filed a joinder in the motion to dismiss filed by the County Defendants.  Dkt. 97.[1]

Having read and considered the papers filed in connection with these matters and being

---

[1] The remaining Defendants named in Plaintiff's First Amended Complaint – the County of Sonoma, the State of California, Richard Chivaro, Edmund G. Brown, Jr., and Arnold Schwarzenegger – have not yet filed an answer or responsive pleading in this matter. The Court notes that while the individual County Defendants Dole, Thomas, Passalacqua, and Kagel have moved to dismiss Plaintiff's claims, the County of Sonoma itself is not included as a moving party to that motion.

fully informed, the Court hereby GRANTS the Judge Defendants' and the County Defendants' motions to dismiss, and GRANTS IN PART and DENIES IN PART the City Defendants' motion to dismiss for the reasons set forth below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

## I. BACKGROUND

Plaintiff filed this pro se action on December 9, 2009 against numerous employees and officials of the City of Santa Rosa, the County of Sonoma, and the State of California. On September 9, 2010, the Court granted Defendants' previously-filed motions to dismiss on various grounds, and provided Plaintiff leave to file a first amended complaint within twenty-one days from the date of that Order. Dkt. 75.[2] On October 4, 2010, the Court granted Plaintiff's request for an extension of time to file her amended complaint and ordered that she file her amended complaint by October 22, 2010. Dkt. 78. Plaintiff filed her first amended complaint ("FAC") on October 25, 2010. Dkt. 79.

In liberally construing her FAC, Plaintiff alleges that the City of Santa Rosa ("the City") inspected her property in Santa Rosa, California, for the purpose of enforcing the City's weed abatement ordinance and building codes. FAC ¶¶ 3, 4. Plaintiff alleges that she operates a commercial scrap metal business on the property. Id. ¶ 4. The City then caused the inspection costs related to weed abatement and building code enforcement to be assessed to Plaintiff's property, and for those costs to be included in the property tax billings prepared by the County of Sonoma tax collector. Id. ¶¶ 7, 8.

Plaintiff further alleges that on March 16, 2009, California Superior Court Judge Kenneth Gnoss signed an inspection warrant, which authorized the inspection of Plaintiff's

---

[2] In that Order, the Court specifically advised Plaintiff as follows:

> Should Plaintiff choose to amend her Complaint, Plaintiff is advised that she must meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). In addition, Plaintiff is advised to include factual allegations addressing Defendants' specific challenges to her claims, as discussed above. Plaintiff is further advised that a continued failure to comply with the requirements of Rule 8(a)(2) is grounds for dismissal of the action without further leave to amend. Id. at 13.

property by the City.  Id. ¶ 11.  Plaintiff generally asserts that her property is the "Rancheria Guenocamata," a sovereign land, and that she and her property are not subject to the jurisdiction of the City.  Plaintiff also asserts that the City's weed abatement ordinance and building codes are unconstitutional.  Id. at 15-16.  Furthermore, Plaintiff alleges that on March 17, 2009, a "swat team" "swarmed" her as she exited her property.  She asserts that police officer Daniel Shacklett, a named defendant, "yanked her hair and forced her to the ground and bloodied her knees and placed his knee in the back of her ribcage," and that she suffered scratches and bruises from that incident.  Id. ¶ 12.

Plaintiff asserts three causes of action in her FAC:  "Count I – Violation of Due Process; Overbreadth of Zoning Ordinance, 42 U.S.C. § 1983"; "Count II – False Arrest/Imprisonment"; and "Count III – Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985(3)."  In her FAC, Plaintiff indicates that she is asserting Count I against the following defendants: the City of Santa Rosa, the Santa Rosa City Council, Casey, Fowler, Whitaker, Lynch, Reynolds, and Major.  Plaintiff does not indicate that Count II is limited to any specific defendant(s).  As to Count III, Plaintiff states that she is asserting this claim against Defendants Casey, Shacklett, and Schwedhelm.

Presently before the Court are separate motions to dismiss filed by the Judge Defendants, the County Defendants, and the City Defendants.  Each of the motions is addressed below.

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). A complaint must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) and "give the defendant fair notice of what … the claim is and the grounds upon which it rests," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).  If a complaint fails to satisfy Rule 8, it "must be dismissed" for failure to state a claim upon which relief can be granted.  Twombly, 550 U.S. at 570.  Pro se pleadings must be liberally construed.  Balisteri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2  To survive a motion to dismiss, the plaintiff must allege "only enough facts to state a
3  claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The pleadings must
4  "give the defendant fair notice of what ... the claim is and the grounds upon which it rests."
5  Erickson, 551 U.S. at 93 (internal quotation marks omitted). A complaint may be dismissed
6  under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to alleged sufficient facts to
7  support a cognizable legal theory. Balistreri, 901 F.2d at 699.

8  When considering a motion to dismiss under Rule 12(b)(6), a court must take the
9  allegations as true and construe them in the light most favorable to plaintiff. See Leatherman
10 v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993).
11 However, "the tenet that a court must accept as true all of the allegations contained in a
12 complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause
13 of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S.
14 ---, 129 S.Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the complaint's
15 framework, they must be supported by factual allegations." Id. at 1950. Those facts must be
16 sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951
17 (quoting Twombly, 550 U.S. at 557).

18 **III.   DISCUSSION**
19     **A.   THE JUDGE DEFENDANTS' MOTION TO DISMISS**
20 The Court previously dismissed Plaintiff's claims against the Judge Defendants on the
21 ground, inter alia, that Plaintiff had not alleged facts overcoming judicial immunity. In the
22 instant motion to dismiss, the Judge Defendants argue that Plaintiff has failed to correct this
23 pleading deficiency in her FAC.

24 Judicial immunity is immunity from suit, not just from the assessment of damages.
25 Mireless v. Waco, 502 U.S. 9, 11 (1991). "[J]udicial immunity is not overcome by allegations
26 of bad faith or malice." Id.; see also Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge
27 will not be deprived of immunity because the action he took was in error, was done
28 maliciously, or was in excess of his authority."). It is only overcome in two sets of cases: (1) a

judge is not immune from nonjudicial acts – actions not taken in the judge's judicial capacity; and (2) a judge is not immune from actions, though judicial in nature, taken without any jurisdiction. Id.

Here, Plaintiff fails to allege facts indicating that the Judge Defendants undertook nonjudicial acts or acted without jurisdiction. Instead, Plaintiff again attempts to sue the Judge Defendant for actions taken in their respective judicial capacities and within the scope of their jurisdiction. Specifically, as to Judge Gnoss, Plaintiff alleges that Judge Gnoss "signed an inspection warrant modification prepared by Michael J. Casey for forcible entry, in absence of owner, and without a 24 hour notice." FAC ¶ 11. Plaintiff makes no other factual allegation against Judge Gnoss. The signing of a warrant is a judicial act, and, therefore, under the facts alleged, Judge Gnoss is shielded from suit by judicial immunity. As to Judge Marcoida, Plaintiff alleges only that Judge Marcoida "ignored the motion for Marsden Hearing … during the course of the Docket in SCR 56016 …." Id. ¶ 18. Plaintiff fails to assert how this action comprised a nonjudicial act. Furthermore, Plaintiff's enumerated causes of action make no mention of the Judge Defendants or their alleged actions.[3]

For these reasons, and given that Plaintiff has provided no argument to the contrary in response to this motion, the Judge Defendants' motion to dismiss Plaintiff's claims on the basis of judicial immunity is GRANTED.

### B.     THE COUNTY DEFENDANTS' MOTION TO DISMISS

The Court previously dismissed Plaintiff's claims against the County Defendants (Dole, Thomas, Passalacqua, and Kagel) on the grounds that: (1) to the extent they are being sued in their official capacities, the real party in interest is their employer, the County of Sonoma; and (2) to the extent they are being sued in their individual capacities, they are entitled to qualified immunity.

In her FAC, Plaintiff states that she is suing the County Defendants in their "official and

---

[3] In her FAC, Plaintiff generally asserts that she is suing the Judge Defendants in their "official and individual capacities." FAC ¶¶ 20, 21. However, Plaintiff fails to allege any actions that the Judge Defendants took in their individual capacities. As stated, her allegations are directed solely to judicial acts taken in their official capacities.

individual capacities." FAC ¶¶ 16-19.  While Plaintiff has added to her FAC the County of Sonoma as a defendant, the fact remains that her claims against the County Defendants in their official capacities cannot stand because they are not the real party in interest.  As for her claims against the County Defendants in their individual capacities, Plaintiff has failed to include any allegations in her FAC to overcome these Defendants' assertion of qualified immunity.  Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

In this case, Plaintiff's allegations against the County Defendants in her FAC are extremely limited.  She merely alleges that Thomas, the County Administrator, "refused to help her" in response to her complaints regarding the zoning enforcement charges assessed against her property.  FAC ¶ 19.  She further alleges, without elaboration, that Kagel, Deputy Public Defender for the County of Sonoma, "ignored the motion for Mardsen Hearing," along with Judge Marcoida. Id. ¶ 18.  As for the remaining County Defendants –Passalacqua, District Attorney for the County of Sonoma, and Dole, Sonoma County Auditor-Controller/Treasurer-Tax Collector – Plaintiff has failed to describe any conduct undertaken by these Defendants in relation to her claims.  Finally, Plaintiff's enumerated causes of action do not name or mention any of the County Defendants.  At bottom, Plaintiff once again fails to include facts in her FAC to overcome the County Defendants' claim of qualified immunity.  Plaintiff has also neglected to provide any response to the County Defendants' challenge to her claims.  For these reasons, the County Defendants' motion to dismiss is GRANTED.

      C.     **THE CITY DEFENDANTS' MOTION TO DISMISS**

The City Defendants (the City of Santa Rosa, the Santa Rosa City Council, Casey, Fowler, Whitaker, Lynch, Reynolds, Major, Schwedhelm, and Shacklett) move to dismiss

Plaintiff's claims on various grounds, which are discussed below.

### 1. First Cause of Action – Violation of Due Process/Overbreadth of Zoning Ordinance, 42 U.S.C. § 1983

In her First Cause of Action, Plaintiff asserts that the City's weed abatement ordinance and building codes are "facially invalid," and, therefore, the City's enforcement of these provisions against her property violate her right to due process. As a general matter, "to succeed in a typical facial attack" to the constitutionality of the City's ordinances, Plaintiff "would have to establish that no set of circumstances exists under which [the ordinance] would be valid … or that the statute lacks any plainly legitimate sweep …." U.S. v. Stevens, 130 S.Ct. 1577, 1587 (2010) (internal citations and quotations omitted). In her original complaint, Plaintiff also challenged the City's weed abatement ordinance and building codes under the due process clause. Her original claim was dismissed under Rule 12(b)(6) for failure to state a claim, and, with respect to the individual City Defendants, on qualified immunity grounds. The City Defendants reassert these grounds for dismissal here.

The Court agrees that Plaintiff has not adequately plead this claim under Rule 12(b)(6) as to the City Defendants. She cites twelve different code sections in her FAC; however, she fails to explain how each code section violates her right to due process, or allege any facts to support her claim that these code sections are unconstitutional. See Iqbal, 129 S.Ct. at 50 ("[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations"). Plaintiff also fails to allege the role that each City Defendant has under this claim. Under Twombly, a plaintiff must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." 550 U.S. at 555 (internal quotations and citation omitted). Plaintiff has entirely failed to provide such fair notice with her First Cause of Action.

The Court also agrees that Plaintiff again fails to allege facts to show that conduct of the individual City Defendants violated "clearly established statutory or constitutional rights of which a reasonable person would have known," so as to overcome these Defendants' claim of qualified immunity. See Harlow, 457 U.S. at 818. Instead, with respect to Casey, Assistant City Attorney, she merely alleges that he signed an inspection warrant for her property. FAC ¶

11. As for Fowler, City Attorney, she alleges that Fowler wrote to Plaintiff "and said that she did not believe that [Plaintiff] was entitled to make her own executive administrative appointments, assignments or determinations." Id. ¶ 20. There is no allegation that either of these acts by Casey or Fowler violated clearly established rights of which a reasonable person should have known. Moreover, the FAC is devoid of any allegations against the remaining City Defendants Whitaker, Lynch, and Reynolds. Finally, Plaintiff has failed to respond to the City Defendants' challenge to this claim.

For the reasons stated, the City Defendants' motion to dismiss Plaintiff's First Cause of Action is GRANTED.

### 2. Second Cause of Action – False Arrest/Imprisonment

In her FAC, Plaintiff alleges that on March 17, 2009, a "swat team" organized by the Chief of Police of the Santa Rosa police department, Defendant Schwedhelm, "swarmed" her as she exited her property. FAC ¶ 12. She asserts that Defendant Shacklett, a police officer, "yanked her hair and forced her to the ground and bloodied her knees and placed his knee in the back of her ribcage," and that she suffered scratches and bruises from that incident. Id. ¶ 12. Plaintiff relies on these allegations in support of her Second Cause of Action, wherein she alleges that "defendants executed a false arrest/imprisonment within the confines of Plaintiff's lawful home," and "during the course of said false arrest/imprisonment Defendant Daniel Shacklett violated plaintiff's body with excessive force, assault and battery by a policy officer." Id. p. 16. Plaintiff further alleges that such actions were a "civil rights violation." Id. p. 17.

In liberally construing Plaintiff's FAC, she appears to be asserting both a tort claim and a Section 1983 claim in her Second Cause of Action. The City Defendants' challenge to each of those claims is addressed separately below.

#### *a)  Tort Claim*

To the extent Plaintiff's Second Cause of Action is a tort claim, the City Defendants argue that it should be dismissed due to Plaintiff's failure to allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public entity unless a written claim has first been presented to the

appropriate entity and has been acted upon by that entity before filing suit in court. Cal. Gov. Code § 945.4. A plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243 (2004) ("[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action."). Indeed, Plaintiff's prior tort claims were dismissed on this basis, and she has not cured this deficiency in her FAC. Nor has she alleged compliance with the CTCA in response to the instant motion to dismiss. Therefore, the City Defendants' motion to dismiss Plaintiffs' Second Cause of Action for the tort of False Arrest/Imprisonment is GRANTED.

### b) *Section 1983 Excessive Force Claim*

With respect to Plaintiff's excessive force claim under Section 1983, liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (official's failure to intervene to prevent constitutional violation may be sufficient basis for liability).

The City Defendants summarily assert, without providing any meaningful argument, that Plaintiff has not alleged sufficient facts to impose liability under Section 1983 as to officer Shacklett. Defs.' Mot. at 8. The Court disagrees. The FAC specifically avers that, during Plaintiff's arrest, officer Shacklett used excessive force against her when he allegedly "yanked her hair and forced her to the ground and bloodied her knees and placed his knee in the back of her ribcage ...." FAC ¶ 12. Plaintiff's allegations, which are taken as true on a Rule 12(b)(6) motion, are sufficient at the pleading stage to support her Section 1983 excessive force claim

against Shacklett.[4]

However, the Court agrees with the City Defendants that Plaintiff has not sufficiently plead a Section 1983 excessive force claim against any of the other City Defendants, including Chief of Police Schwedhelm or the City of Santa Rosa. Of note, no individual City Defendants, other than Shacklett and Schwedhelm, are mentioned in this cause of action; nor is the Santa Rosa City Council. Moreover, with respect to Schwedhelm, Plaintiff merely alleges that he organized the police team that conducted the arrest. There is no allegation that he was personally involved in the purported use of excessive force, or that there was any causal connection between his organization of the team and the use of excessive force. See Jeffers v. Gomez, 267 F.3d 895, 916 (9th Cir. 2001) ("A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.") (internal quotations omitted). Finally, with respect to the City of Santa Rosa, Plaintiff has not alleged that the City had a policy that amounted to a deliberate indifference to her constitutional right, or that the policy was the moving force behind the constitutional violation. See Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) ("To establish municipal liability under § 1983, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the [municipality] had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation.") (internal quotations omitted).

For these reasons, the City Defendants' motion to dismiss Plaintiff's Second Cause of Action for excessive force under Section 1983 as against Shacklett is DENIED; the City Defendants' motion to dismiss this cause of action as against the City of Santa Rosa, the Santa

---

[4] The City Defendants also argue that this claim fails to the extent that the "plaintiff" in is considered a trust. While it is true that Plaintiff identifies herself as an individual that "instrumented a Living Trust Agreement," there is no indication that the party asserting this excessive force cause of action is the trust. FAC ¶ 4. As a final ground for dismissal, the City Defendants argue that Plaintiff's FAC should be dismissed because it was filed three days late. This argument is rejected, as the City Defendants have failed to articulate any prejudice caused by this three-day delay.

Rosa City Council, Casey, Fowler, Whitaker, Lynch, Reynolds, Major, and Schwedhelm is GRANTED.  Because a Section 1983 excessive force claim was not the subject of the prior motions to dismiss, Plaintiff is granted leave to amend this claim to address the deficiencies identified herein.

### 3. Third Cause of Action – Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985(3)

42 U.S.C. 1985(3) "prohibits conspiracies to deprive a person of equal protection of the laws."  Nielson v. Legacy Health Systems, 230 F. Supp. 2d 1206, 1210 (D. Or. 2001).  "In order to state a claim, plaintiff must establish that a conspiracy existed to deprive him of equal protection of the law and that the conspiracy was based on discriminatory hostility toward the protected class."  Id.  "A mere allegation of a conspiracy without factual specificity is insufficient."  Id. (quoting Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621 (9th Cir. 1988)).

In her Third Cause of Action, Plaintiff alleges simply that, in connection with her March 17, 2009 arrest, defendants Casey, Shacklett, and Schwedhelm "conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving either directly or indirectly any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws."  FAC p. 18.  With this allegation, Plaintiff has simply quoted a portion of Section 1985(3), and has failed to include any factual allegations to undergird her conspiracy claim.  Therefore, the City Defendants' motion to dismiss Plaintiff's Third Cause of Action for failure to state a claim is GRANTED.  However, as this claim was not subject to the prior motions to dismiss, Plaintiff is granted leave to amend this claim.[5]

---

[5] Prior to Plaintiff's filing of her FAC, the City Defendants filed an "Administrative Motion for Order to Seal Records of Donald T. Apostle, M.D." Dkt. 40.  In that administrative motion, the City Defendants move to seal medical records pertaining to Plaintiff's mental competency, which they claim relate to a "Motion for a Determination of Competency" that they intend to file.  However, the City Defendants failed to include such a motion or the medical records at issue with their Administrative Motion.  Therefore, the Administrative Motion is DENIED without prejudice, and the City Defendants are directed to the Northern District of California General Order 62, which governs the filing of documents under seal.

## IV. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Defendants Judge Kenneth Gnoss and Judge Virginia Marcoida's (the "Judge Defendants") motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED as against the Judge Defendants with prejudice.

2. Defendants Rodney Dole, Chris Thomas, Stephan Passalacqua, and Lezlie Kagel's (the "County Defendants") motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED as against the County Defendants with prejudice.

3. Defendants the City of Santa Rosa, the Santa Rosa City Council, Michael Casey, Caroline Fowler, Michael Whitaker, Sam Lynch, Michael Reynolds, Eric Major, Thomas Schwedhelm, and Daniel Shacklett's (the "City Defendants") motion to dismiss Plaintiff's First Cause of Action (Violation of Due Process/Overbreadth of Zoning Ordinance, 42 U.S.C. § 1983) is GRANTED. Plaintiff's First Cause of Action is DISMISSED as against the City Defendants with prejudice.

4. The City Defendants' motion to dismiss Plaintiff's Second Cause of Action for the tort of False Arrest/Imprisonment is GRANTED. This cause of action is DISMISSED as against the City Defendants with prejudice.

5. The City Defendants' motion to dismiss Plaintiff's Second Cause of Action for excessive force under Section 1983 as against Shacklett is DENIED.

6. The City Defendants' motion to dismiss Plaintiff's Second Cause of Action for excessive force under Section 1983 as against the City of Santa Rosa, the Santa Rosa City Council, Casey, Fowler, Whitaker, Lynch, Reynolds, Major, and Schwedhelm is GRANTED. This cause of action is DISMISSED as against these defendants with leave to amend.

7. The City Defendants' motion to dismiss Plaintiff's Third Cause of Action is GRANTED. This cause of action is DISMISSED as against these defendants with leave to amend.

8. Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a

second amended complaint.  If Plaintiff timely amends her pleading, Defendants shall respond consistent with the Federal Rules of Civil Procedure.

9. The February 1, 2011 hearing on Defendants' Motions to Dismiss is VACATED.

10. The February 1, 2011 Case Management Conference is CONTINUED to May 12, 2011 at 2:45 p.m. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

11. This Order terminates Docket Nos. 40, 84, 90 and 94.

IT IS SO ORDERED.

Dated: 1/31/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANNETTE SHARLENE ELDER-EVINS,

      Plaintiff,

 v.

MICHAEL J. CASEY et al,

      Defendant.
_____/

Case Number: CV09-05775 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Annette Sharlene Elder-Evins
Guenocamata Sovereign Trust
Guenocamata Rancheria
948 Leddy Avenue
Santa Rosa, CA 95407-6601

Dated: January 31, 2011

                            Richard W. Wieking, Clerk

                                  By: LISA R CLARK, Deputy Clerk