UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANNETTE SHARLENE ELDER-EVINS, TR., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. CASEY, et al., <br><br> Defendants. | Case No: C 09-05775 SBA <br><br> **ORDER** <br><br> Dkts. 107, 114, 133 |

The parties are presently before the Court on pro se Plaintiff Annettee Sharlene Elder-Evins' ("Plaintiff") "Objection to Dismissal of Dockets 40, 84, 90," which this Court liberally construes as a motion for leave to file a motion for reconsideration of a January 31, 2011 Order issued by this Court ("Order of 1/31/11"). Plaintiff operates a commercial scrap metal business on her property. She has sued multiple defendants for their conduct arising out of certain inspections of her property for weed abatement and building code enforcement purposes. Dkt. 106. In the Order of 1/31/11, the Court dismissed portions of Plaintiff's first amended complaint with prejudice, but permitted her to amend other portions by filing a Second Amended Complaint ("SAC"). Id. Relevant to Plaintiff's motion for leave are the portions of the Order of 1/31/11 that (1) dismiss without leave to amend Plaintiff's claims against certain state court judges ("Judge Defendants") on the ground that Plaintiff had not alleged facts that overcame judicial immunity; and (2) dismiss without leave to amend Plaintiff's tort claim against the City of Santa Rose on the ground that Plaintiff had failed to allege facts showing she filed a claim in compliance with the California Tort Claims Act ("CTCA") prior to instituting this action. Id.

Plaintiff's motion for leave is not a model of clarity. Dkt. 107. Plaintiff raises many

issues and objections, such as, among other things, asserting a right to be represented by counsel because her grandfathers lived on Indian Reservations, protesting the purported use of British law in the instant action, presenting her viewpoints about justice, demanding that she is entitled to a discharge of 'the fraudulent tax debt," maintaining that she is a "secured party creditor" under the U.C.C., and arguing she properly engages in weed abatement.  From her arguments, the Court is able to discern two grounds upon which Plaintiff seeks reconsideration.  First, she appears to seek reconsideration of this Court's decision to dismiss without leave to amend the Judge Defendants.  <u>Id.</u> 5, 12.   While not altogether clear, Plaintiff seems to argue that Judge Gnoss expressed a bias against her by not holding a hearing on her claims, as she believes that she was entitled to a "meet and confer appointment" to discuss the parameters of the inspections on her property and that the court was without jurisdiction to permit the inspections.  <u>Id.</u> at 5, 12.   Second, again while not entirely clear, Plaintiff appears to challenge the Court's decision that she did not comply with the CTCA, generally asserting that she made many claims to various agencies, including the "court clerk in Superior Court."  <u>Id.</u> 4-5.

A party seeking reconsideration of an interlocutory court order must first seek leave to file such a motion.  Civ. L.R. 7-9(a).  The moving party must specifically show:

> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
>
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b)(1),(2)&(3).  The Court may summarily deny motions that are not filed in compliance with the Court's Local Rules. <u>See</u> <u>Grove v. Wells Fargo Fin. Cal., Inc.</u>, 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules); <u>see also</u> <u>Wood v. Santa Barbara Chamber of Commerce</u>, 705 F.2d 1515, 1519 (9th Cir. 1983) (district court did not abuse

1  its discretion in striking untimely affidavits in opposition to summary judgment motion
2  where party failed to request extension of time or show excusable neglect).
3        Plaintiff has failed to satisfy the standards under Civil Local Rule 7-9 for leave to
4  file a motion for reconsideration.   She fails to show that any material difference in fact or
5  law exists from that which was presented to the Court before entry of the Order of
6  1/31/2011.  Civ. L.R. 7-9(b)(1).  She fails to the establish the emergence of new material
7  facts or a change of law occurring after the time the Order of 1/31/2011 was filed.  Id. at 7-
8  9(b)(2).  Further, she does not demonstrate a manifest failure by the Court to consider
9  material facts or dispositive legal arguments which were presented to the Court in
10 connection with the Order of 1/31/2011.  Id. at 7-9(b)(3).
11       Moreover, with regard to her arguments pertaining to Judge Gnoss, she has not
12 shown facts overcoming judicial immunity.  Judicial immunity may be overcome where a
13 judge takes actions that (1) are not in the judge's judicial capacity; and (2) are without
14 jurisdiction.  Mireless v. Waco, 502 U.S. 9, 11 (1991); see also Stump v. Sparman, 435
15 U.S. 349, 356 (1978) (immunity exists even when a judge's actions were in error, done
16 maliciously and were in excess of authority).  Plaintiff's statements about Judge Gnoss'
17 conduct do not show that the possibility of either of the two exceptions to judicial immunity
18 exist.  Even though Plaintiff asserts that Judge Gnoss acted without jurisdiction in
19 permitting the inspections, she puts forth no specific facts or legal authority detailing how
20 his actions—executed within his judicial role—of permitting inspections were performed
21 without jurisdiction.  Therefore, Plaintiff's claims against the Judge Defendants should be,
22 as they have been, dismissed without leave to amend, especially since she has already been
23 given an opportunity to cure the deficiencies in her allegations, but failed to do so.
24 Consequently, the Court denies Plaintiff's motion on this ground.
25       As to Plaintiff's tort claim against the City of Santa Rosa, for the claim to be viable,
26 Plaintiff had to file a claim with the City under the CTCA and the City had to act upon it.
27 Cal. Gov. Code § 945.4.  Plaintiff is required to allege facts either demonstrating or
28 excusing compliance with the prerequisite of presentment of a claim under the CTCA to the

1  City.  State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243 (2004).
2  Plaintiff failed to allege the necessary facts, and, because she had been given a prior
3  opportunity to cure and failed to cure, the Court dismissed the claim without leave to
4  amend.  Plaintiff's current assertion that she has filed many complaints with many different
5  agencies does establish facts demonstrating or excusing compliance with the CTCA
6  requirement of filing a specific claim with the City pertaining to her tort cause of action,
7  and therefore the Court denies her motion for leave on this ground.  Accordingly,
8      IT IS HEREBY ORDERED THAT:
9      1.    Plaintiff's motion for leave to file a motion for reconsideration is DENIED.
10  Plaintiff shall file her SAC consistent with this Court's Order of 1/31/11 within twenty (20)
11  days of the date of this Order.  Plaintiff is reminded of her obligation to allege facts and claims
12  only to the extent that she may do so in good faith.  Fed. R. Civ. P. 11.  Defendants shall file
13  their response to the SAC within twenty (20) days of the date Plaintiff files it.
14      2.    This Order terminates Docket Nos. 107, 114, 133.
15      IT IS SO ORDERED.

17  Dated: September 12, 2011

                                              SAUNDRA BROWN ARMSTRONG
                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANNETTE SHARLENE ELDER-EVINS,

    Plaintiff,

  v.

MICHAEL J. CASEY et al,

    Defendant.
_____/

Case Number: CV09-05775 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Annette Sharlene Elder-Evins
Guenocamata Sovereign Trust
Guenocamata Rancheria
948 Leddy Avenue
Santa Rosa, CA 95407-6601

Dated: September 13, 2011

                Richard W. Wieking, Clerk
                  By: LISA R CLARK, Deputy Clerk