UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ANNETTE SHARLENE ELDER-EVINS,<br><br>　　　　Plaintiff,<br>　v.<br>MICHAEL J. CASEY, et al.<br>　　　　Defendants.<br>_____/ | No. C 09-05775 SBA (LB)<br><br>**ORDER RE EXHIBIT LIST, WITNESS LIST, AND EXHIBITS** |

The parties filed their joint pre-hearing statement, their stipulations of undisputed fact, their joint exhibit list, and Defendant's witness list. *See* ECF Nos. 235, 235-1, 235-2, and 235-3. The court directs the parties to file the following additional information by Tuesday, September 25, 2012, at 2 p.m.

First, the court assumes that there are no additional exhibits by either party. If the court's assumption is incorrect, the parties shall file their separate exhibit lists and provide a copy of all exhibits, as required by this court's standing order (attached as ECF No. 229-1 to the court's July 30, 2012 Order at ECF No. 229).

Second, the court directs the party to file an updated copy of the joint exhibit list at ECF No. 235-2 with an additional column after "Description" entitled "Location in the Record." For example, Exhibit 101, Dr. Apostle's records previously filed under seal and bates stamped 00012-00067, appears to be in the record at ECF No. 197. Exhibits 104 and 105, the 2006 and 2009 Superior Court Dockets, are in the record at ECF No. 203. This will allow the court to review the

ORDER (C 09-05775 SBA (LB))

records already in the record before the hearing. The court notes that Dr. Apostle's records at ECF No. 197 are bates stamped only up until 00065. If there are two more pages, the parties should provide a copy to the court. The other problem is the following bates pages are illegible: 17-18, 40-46, and 53-56. The court would like to review legible copies before the hearing. In the next paragraph, the court directs the parties to bring copies of the exhibits to the hearing, but if Defendant can provide a courtesy copy by email to the court's orders box at lbpo@cand.uscourts.gov, the court can review the information in advance. The court also asks Defendant to file a copy of Exhibit 103, Dr. Apostle's CV.

Third, as required by the court's standing order, the parties must bring two sets of the exhibits to the evidentiary hearing: (1) a set to be lodged for the record and (2) a chambers copy. Any records to be filed under seal shall be accompanied by a sealing order stipulated to by the parties.

Fourth, the court assumes that Exhibit 102, "Dr. Apostle's records," likely is Dr. Apostle's full medical file. *See* Order, ECF No. 229 at 19 (noting that Defendant had subpoenaed Dr. Apostle to appear with his full medical file). The court reminds the parties that any additional information needs to be made part of the record (as discussed in point three). Also, the court will not require the parties to lodge a full copy in advance but expects that Defendant already provided access to Plaintiff (as required by the court in its order at ECF No. 229) and will be prepared to direct the court's attention at the hearing to any information that is not part of the already-filed records.

Fifth, because the exhibits are medical records and thus are not hearsay, the court assumes that there will be no objection to their authenticity. If this assumption is wrong, Plaintiff must notify the court on the timeline set forth in this order. The court already denied Plaintiff's objection to the record as irrelevant and prejudicial. *See id.* at 14 (holding that the records, while relevant to the competency determination, are not sufficient to establish incompetency). The stipulation as to authenticity will not affect Plaintiff's relevance objections.

**IT IS SO ORDERED.**

Dated: September 24, 2012

LAUREL BEELER
United States Magistrate Judge

ORDER (C 09-05775 SBA (LB))

2