UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ANNETTE SHARLENE ELDER-EVINS, | No. C 09-05775 SBA (LB) |
| Plaintiff, | **ORDER TO SHOW CAUSE AND FURTHER SCHEDULING ORDER** |
| v. | |
| MICHAEL J. CASEY, *et al.*, | |
| Defendants. | |
| _____/ | |

## I. ORDER TO SHOW CAUSE

On June 21, 2012, the court held a hearing on the district court's referral to this court of Defendant Officer Daniel Shacklett's motion for a determination of Plaintiff Annette Sharlene Elder-Evins's competence. *See* Notice of Referral, ECF No. 150; 7/3/12 Order, ECF No. 229. At the June 21 hearing, the undersigned made several evidentiary rulings, established the procedures for the competency hearing, set the competency hearing for September 27, 2012, at 2:00 p.m., and ordered Ms. Elder-Evins to be present at the hearing. 7/3/12 Order, ECF No. 229. On September 25, 2012, the court advanced the hearing time to 12:30 p.m. *See* Docket Text.

At the hearing on September 27, 2012, Ms. Elder-Evins was not present. The court previously had ordered Plaintiff's pro bono counsel (appointed only for the competency hearing) to notify Ms. Elder-Evins of the court's orders, and Plaintiff's counsel confirmed on the record on September 27, 2012, that he had complied with the court's order and had advised Ms. Elder-Evins of the court's

C 09-05775 SBA (LB)
ORDER

1  order for her presence, the hearing date and time, and the changed time.

2  The court now sets a new hearing date and time of November 1, 2012, at 1:30 a.m. The court
3  again orders Ms. Elder-Evins to be present at that hearing to show cause why her case should not be
4  dismissed for failure to prosecute and warns her that a consequence of failing to appear at that
5  hearing is dismissal of her cause for failure to prosecute it.

## II.  FURTHER SCHEDULING ORDER

7  The parties discussed certain logistical issues on September 27, 2012.

8  First, as the court previously told the parties, the September 27 hearing was meant to address
9  Plaintiff's 2009 medical records and Dr. Donald Apostle's testimony about them. Dr. Apostle was a
10 court-appointed psychologist in Plaintiff's state misdemeanor criminal case that ultimately was
11 dismissed in 2009 in the interests of justice. As the court ordered following the June hearing, this
12 2009 evidence – while relevant to Plaintiff's competency – is too old to be dispositive. 7/3/12
13 Order, ECF No. 229 at 17. Instead, the court determined that a new competency evaluation would
14 be appropriate and determined that Defendant – as the party who moved for the competency
15 determination – should pay for it. *Id.* at 18-19 (collecting cases). But at Plaintiff's request and
16 without objection from Defendant, the court agreed as a first step to hold a hearing with Dr. Apostle
17 to consider the 2009 competency evidence and any other evidence that Plaintiff might offer before
18 ordering any further competency evaluation. *Id.* The reason for this was that if Plaintiff decided not
19 to cooperate with a new medical examination, the court would have discretion to dismiss her case
20 without prejudice (as discussed in the section of the court's 7/3/12 Order titled "Legal Standard").
21 *Id.* The court mentions this now to inform Ms. Elder-Evins that it expects only her presence on
22 November 1, 2012 and not any testimony or other evidence from her (although she may provide
23 both if she wishes). Instead, the court anticipates that on November 1, it will order a further
24 competency evaluation.

25 Second, the parties previously discussed who might conduct the competency evaluation. As the
26 July 3 order reflects, defense counsel noted that Dr. Apostle is used by the court system in Sonoma
27 county, and the court observed that the district court uses Dr. John Chamberlain of the University of
28 California - San Francisco's Department of Psychiatry. *Id.* at 19-20. The court previously directed

the parties to meet and confer to select a qualified doctor. *Id.* Plaintiff's counsel observed at the September 27 hearing that it might be difficult for Plaintiff to stipulate to the evaluation itself if she objects to it. The court appreciates that and clarifies that it expects Plaintiff's counsel to agree only to the appropriate legal standard to be contained in that order. For example, an order might contain something along the lines of the following:

> The court orders a further evaluation to be conducted by Dr. _____ to be paid for by Defendant (as the court ordered previously). *See* 7/3/12 Order, ECF No. 229 at 19 (collecting cases establishing that Defendant should pay). The examiner should determine whether Plaintiff lacks the capacity to understand the nature and consequences of the proceeding or is unable – if counsel is appointed – to assist counsel in the preparation of the case. *See* 93 Cal. App. 4th 1180, 1186 (2001); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).

The court attaches the draft stipulated order that it uses in competency evaluations in criminal cases for whatever utility it might have to the parties.

Third, another issue that arose during the September 27, 2012 hearing is that Ms. Elder-Evins – while she may object to an evaluation – also might have a preference for an evaluator with an appreciation for concerns identified on the record. To that end, the court will contact Pretrial Services to see whether there is additional information it can provide to counsel.

## II. CONCLUSION

The court orders Ms. Elder-Evins to be present at the hearing on November 1, 2012, at 1:30 p.m. to show cause why her case should not be dismissed with failure to prosecute. Ms. Elder-Evins is warned that a consequence of a failure to appear may be dismissal of her case.

**IT IS SO ORDERED.**

Dated: September 27, 2012

_____
LAUREL BEELER
United States Magistrate Judge